IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

ANTOINE PICQUET for the use of STEPHEN REED *vs.* the Administrator of JOHN CORMICK.

*Assumpsit. Verdict for defendant, and motion for new trial.*

In a court whose jurisdiction is limited to a particular amount, a set-off cannot be pleaded which exceeds that amount: and if such a set-off be pleaded in an Inferior Court of limited jurisdiction, and allowed, and there be an appeal although the cause comes up in its totality, it comes up subject to the same limitation and where a verdict had been given for the balance of a set-off on appeal under such circumstances, the court ordered it to be set aside and granted a new trial.

THE suit was commenced in the court of Common Pleas of the city of Augusta to recover the amount of a note within the jurisdiction of that court. The note was given by John Cormick to Benjamin Picquet and transferred by him to the plaintiff, after its maturity. At the time of the transfer, John Cormick held a note given by Benjamin Picquet, for a sum greatly beyond the jurisdiction of the court of Common Pleas, which note defendant has pleaded as a set-off, and the verdict being for him, the plaintiff moves for a new trial, on three grounds.

1. Because the set-off exceeded the jurisdiction of the court below, and therefore ought not to have been allowed in this court.

2. Because the court rejected the testimony of Benjamin Picquet, a witness offered by plaintiff.

3. Because the verdict was contrary to law and evidence.

The Court of Common Pleas, from which the case is appealed, is one of limited jurisdiction. By the act of 19th December 1828, under which this suit was commenced, the court is restrained from taking jurisdiction of any *suit* or *action, ex contractu wherein* the principal *debt*, exceeds two hundred and fifty dollars. The act of 17th December 1818, which enlarged its jurisdiction, declares that "The said court shall have cognizance of all causes of a civil nature, not involving title to real estate within the limits of the corporation of said city, where the *demand* shall exceed twenty dollars, and shall not be above two hundred." The words of the act of 9th December 1822, still farther enlarging the jurisdiction of that court, are, that it "shall have cognizance and jurisdiction of all cases of a civil nature, &c. when the *debt* or *demand* shall be over thirty dollars, and not exceeding three hundred dollars." And the act of the 21st December 1829, gives the court "jurisdiction in all civil cases, &c. where the *sum claimed* or the demand of the *plaintiff*, shall not exceed the sum of three hundred dollars, exclusive

RICHMOND, June, 1831.

REED v. CORMICK.

of interest." These several acts are cited to show that in each the *debt* or *demand* or *sum claimed* not only limits the amount for which judgment may be given, but also the debt or demand which it can consider, or of which it can take cognizance. But they all refer to the claim or demand of a plaintiff. Nothing is said in any of the acts, except that of 1818, relative to the manner of defence. That act authorizes the defendant, to appear and make his " defence, or answer in writing which shall plainly, fully, and distinctly set forth the cause of the defence, &c." and may contain as many several matters not inconsistent with each other, as may be deemed necessary for his defence. This will allow the plea of set-off, where there exist mutual debts ; but it will not enlarge the jurisdiction of the court, and enable it to take cognizance of a *debt* or *demand* set up by a defendant, which it would not entertain for a plaintiff. The limitation must apply alike to each party, and the court can no more take cognizance of a cause for one, than for another where the pleadings themselves show the debt or demand not to be within its jurisdiction. The demand set up in this plea, exceeds twelve hundred dollars. By our law, a defendant pleading a set-off, may claim judgment for any balance found due to him. In this case, it is apparent that no judgment can be rendered to the holder of the note set off, but the question of jurisdiction is the same, as if Benjamin Picquet were the plaintiff. If then the amount for which judgment may be given, and not the claim presented were to be considered as limiting the jurisdiction of the court, a defendant might have its judgment for double the amount to which its jurisdiction directly extends, first against the plaintiff's demand, and then for the balance. But the claim or demand, no matter by what party advanced must form the limit, upon the principle that courts of limited jurisdiction cannot take cognizance of a cause unless the pleading shows it to be within its jurisdiction ; and here the pleading not only does not show the matter upon which its judgment is asked, to be within, but actually shows it to be without its jurisdiction.

This court which now has cognizance of the cause, being subject to no such limitation, it is contended cannot be affected by any want of jurisdiction in the court from which it was appealed, the appeal having brought the cause up in its totality. What do we understand by the appeal bringing the cause up in its totality, an expression we so often hear in our courts ? It is a strong expression, and well calculated to convey the idea intended, and to show the effect of an appeal under our judiciary, upon the rights of the parties. The cause comes up by appeal in its totality, that is, the appellate court may not only correct errors in matters of law, but may try all matters of fact ; the appeal having set aside the verdict below, and placed the parties before the appellate court,

RICHMOND,
June, 1831.

REED
v.
CORMICK.

in the same condition in which they stood in the court below, before trial. Hence upon an appeal from the *Inferior Court*, either party may amend his pleadings to suit the facts of his case, or perform any other act preparatory to trial, in the same manner he might have done had the amendment been moved for there ; or had the case been commenced in this court ; and the reason is obvious. The appeal but sets aside the verdict, and transfers the cause from one court to another of general jurisdiction, and each concurrent. The rights of the parties are in no way altered, and the cause stands before the court in its totality, that is, entire, as it stood in the *Inferior Court*. The appeal from the Court of Common Pleas, also sets aside the verdict and transfers the cause to the Superior Court entirely as it stood in the court below without at all affecting the rights of the parties or varying them from what they were in that court. And it follows, that before this court can take cognizance of a cause upon an appeal from that, it must appear that that court had cognizance of it. If the principle then be correct, (and it is believed to be) that the Common Pleas being of limited jurisdiction, cannot take cognizance of a debt or demand, in a plea of set-off, over which it could not entertain jurisdiction if presented by a plaintiff in his declaration, then the verdict of the jury was wrong, as the set-off was the only evidence to warrant it. This being the opinion of the court, it is unnecessary to consider the other grounds.

Let the verdict be set aside and a new trial granted.